IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**QUANNAH HARRIS,**

        **Plaintiff,**

v.                                            Case 2:16-cv-02224-SHM-cgc

**OCWEN LOAN SERVICING,**
**THE BANK OF NEW YORK MELLON**
**TRUST COMPANY, N.A., f/k/a THE BANK**
**OF NEW YORK TRUST COMPANY, N. A.,**
**as successor to JP MORGAN CHASE, N.A.,**
**as Trustee for RESIDENTIAL ASSET**
**MORTGAGE PRODUCTS, INC., MORTGAGE**
**ASSET-BACKED PASS THROUGH**
**CERTIFICATES SERIES 2006-RZ4 and**
**MACKIE WOLF ZIENTZ & MANN, P.C. as**
**SUBSTITUTE TRUSTEE,**

        **Defendants.**

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS
AND PLAINTIFF'S MOTION FOR REMAND**

---

Before the Court are Defendants' Motion to Dismiss (Docket Entry "D.E." #6) and Plaintiff's Motion for Remand (D.E. #8). The instant motions were referred for Report and Recommendation. (D.E. #7). For the reasons set forth herein, it is recommended that Defendants' Motion to Dismiss be GRANTED and Plaintiff's Motion for Remand be DENIED AS MOOT.

1

## I. Introduction

On February 24, 2016, Plaintiff Quannah Harris filed a Complaint to Restrict and Prohibit Foreclosure, to Declare Foreclosure Illegal, for Damages, and for Legal and Equitable Relief in the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis ("Complaint"). (D.E. #1-1). On April 6, 2016, Defendants removed the case to this Court. (D.E. #1).

This action is the fourth lawsuit brought by Plaintiff and/or Hanalei Y. Harris, who is her spouse and co-owner of the real property. *See Hanalei Y. Harris v. Decision One Mortgage Co.*, No. CH-11-0434-2, filed at D.E. #5-2, #5-3, #5-4 ("First Action"); *Hanalei Y. Harris v. Decision One Mortgage Co.*, No. 2:12-02224-SHM-cgc ("Second Action"); *Hanalei Y. Harris v. Decision One Mortgage Company*, No. CH-12-0931-1, removed to federal court as *Harris v. Mortgage Electronic Registration Sys.*, No. 2:12-JTF-02460-JTF-cgc ("Third Action"). Each of these four cases have sought to prevent foreclosure on the real property located at 2480 Lennox, Germantown, Tennessee 38138 (the "Real Property"). *See id.*

On April 13, 2016, Defendants filed their Motion to Dismiss asserting that Plaintiff's action is barred by the doctrine of *res judicata*. On April 26, 2016, Plaintiff filed her Motion to Remand pursuant to 28 U.S.C. § 1367 based upon her allegation that her claim contains a complex issue of state law. On May 4, 2016, Plaintiff responded to Defendants' Motion to Dismiss stating that her Complaint complies with the Rule 12 pleading standards and that dismissal is inappropriate.

## II. Proposed Analysis

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed

for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Under federal law, the doctrine of *res judicata* bars an individual from bringing a lawsuit if there has previously been a final judgment rendered by a court of competent jurisdiction arising out of the same facts. The Sixth Circuit has adopted a four-part test to determine whether a subsequent action is barred by the doctrine of *res judicata*. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). The four elements of *res judicata* are "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.* If a court finds all of these elements present in the matter before it, then the Plaintiff is barred from bringing suit and the cause of action shall be dismissed.

Furthermore, "if an individual is precluded from litigating a suit in a state court by the traditional principles of *res judicata*, he is similarly precluded from litigating the suit in federal court." *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1986); *see also Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2004) ("Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." (citing 28 U.S.C. § 1738)). When *res judicata* is based upon a prior state court judgment, federal courts apply the substantive law of the state in which the judgment was rendered." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). Although stated somewhat differently, Tennessee law essentially follows the federal test by

3

requiring that a party asserting *res judicata* show as follows: "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action." *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998).

### *I. Final Judgments on the Merits by Court of Competent Jurisdiction*

In this case, courts of competent jurisdiction have entered judgments on the merits in the three prior actions. *See Hanalei Y. Harris, et ux. v. Decision One Mortgage Co.*, No. CH-11-0434-2, filed at D.E. #5-2, #5-3, #5-4 ("First Action"); *Hanalei Y. Harris v. Decision One Mortgage Co.*, No. 2:12-02224-SHM-cgc ("Second Action"); *Hanalei Y. Harris v. Decision One Mortgage Company*, No. CH-12-0931-1, filed at D.E. #5-1, removed to federal court as *Harris v. Mortgage Electronic Registration Sys.*, No. 2:12-JTF-02460-JTF-cgc ("Third Action").

Specifically, the First Action was heard by the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis, which is undisputedly a court of competent jurisdiction. On April 26, 2011, the Chancery Court entered an Order Denying Plaintiffs' Petition to Enjoin Foreclosure. (D.E. #5-2). On June 28, 2011, the Chancery Court entered an Order Dismissing Wilson based upon failure to effectuate service and failure to state a claim upon which relief may be granted. (D.E. #5-3). On January 27, 2012, the Chancery Court entered an Order Granting GMAC's Motion to Dismiss with prejudice for failure to effectuate service and for failure to state a claim upon which relief may be granted. (D.E. #5-4).[1] It is also undisputed that these orders constituted final judgments on the merits.

The Second Action was heard by this Court, which is also undisputedly a court of competent

---

[1] The resolution as to Defendant Decision One in the First Action is uncertain; however, this uncertainty does not affect this Court's recommendation.

jurisdiction. On March 25, 2013, this Court entered, *inter alia*, an Order Granting the Motions to Dismiss filed by Decision One and MERS with prejudice. *See Quannah L. Harris v. Decision One Mortgage Co.*, No. 2:12-02224-SHM-cgc, filed at D.E. #38. On February 18, 2014, this Court entered, *inter alia*, an Order Granting Wilson's Motion to Dismiss with prejudice. *See Quannah L. Harris v. Decision One Mortgage Co.*, No. 2:12-02224-SHM-cgc, filed at D.E. #52. It is undisputed that these orders constituted final judgments on the merits.

On March 18, 2015, this Court entered an Order of Dismissal with Prejudice, Imposing Sanctions on Plaintiff, Certifying that an Appeal Would Not Be Taken in Good Faith, and Denying Leave to Proceed *In Forma Pauperis* on Appeal ("March 18, 2015 Dismissal Order"). *See Hanalei Y. Harris v. Decision One Mortgage Co.*, No. 2:12-02224-SHM-cgc, filed at D.E. #63. In this Order, the Court addressed the claims against GMAC which had been subject to an automatic stay imposed by the United States Bankruptcy Court for the Southern District of New York. This Court concluded that, based upon an August 29, 2012 Bankruptcy Court Order, all persons asserting a claim against GMAC that arose prior to GMAC's filing of Chapter 11 bankruptcy must file a proof of claim in writing. Failure to do so renders claims to be forever barred, estopped and enjoined for asserting such claim against GMAC. This Court concluded that this bar date applied to Plaintiff, whose claims arise prior to the petition date, and that the claims against GMAC must be dismissed with prejudice.

The Court further imposed sanctions for "filing three substantially similar lawsuits challenging the foreclosure of the real property."[2] The Court stated that "Plaintiff's persistence in

---

[2] This Court referred to the Second Action as being the third lawsuit because, as of the date of the March 18, 2015 Dismissal Order, the Third Action had already been filed and had been decided upon the merits.

filing multiple, similar lawsuits demonstrates a marked propensity to abuse the judicial system," which this Court has the obligation and authority to prevent. *Quannah L. Harris v. Decision One Mortgage Co.*, No. 2:12-02224-SHM-cgc, March 18, 2015 Dismissal Order, filed at D.E. #63, at 8. The Court then considered the potential sanctions and determined that "the appropriate remedy is to bar Plaintiff [Hanalei Y. Harris] from litigating in federal court any further action involving the Real Property located at 2480 Lennox, Germantown, TN." *Id*. The Court advised that, if Plaintiff "submits any complaint in violation of this Order, the complaint will be filed for statistical purposes and will be summarily dismissed" and that it may "impose further sanctions against Plaintiff, including a monetary fine." *Id*. at 9. The Court further stated that "[a]ny case Plaintiff [Hanalei Y. Harris] files in another court that should have been properly filed in this district and that is thereafter removed or transferred to this district will result in the same sanctions as if Plaintiff had filed it here initially." *Id*. On March 18, 2015, a Judgment was entered in accordance with the March 18, 2015 Order of Dismissal with Prejudice as to GMAC. *Id*., filed at D.E. #64.

The Third Action was also heard by this Court after being removed from the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. *See Hanalei Y. Harris v. MERS*, 2:12-cv-02460-JTF-cgc. On October 31, 2012, this Court entered, *inter alia*, an Order Dismissing Wilson without prejudice because the complaint contains no allegation of wrongdoing against it and an Order Dismissing MERS without prejudice due to the pendency of the Second Action in this Court. *Id*., filed at D.E. #8. The Court declined to explicitly consider the issue of collateral estoppel as raised by MERS because it determined that issue was before the Court in the Second Action and could be considered in that matter. *Id*. On October 31, 2012, a Judgment was entered for Defendants MERS and Wilson. *Id*., filed at D.E. #9.

### ii. Same Parties or their Privies

Next, although this action is not between the same parties as the prior actions, the Court must determine whether it is between their privies. To determine whether privity exists, the Court must examine whether the parties shared "mutuality of interest, including an identity of desired results." *ABS Industries, Inc. v. Fifth Third Bank*, 333 F. App'x 994, 999 (6th Cir. 2009). Otherwise stated, privity exists when "the relationship between one who is a party on the record and another is close enough to include the other" for purposes of *res judicata*. *Id*.

The Plaintiffs in the First Action are Plaintiff and Hanalei Y. Harris, who is the co-owner of the property and Plaintiff's husband. *See* Deed of Trust, filed at D.E. # 5-5, and Fixed Rate Loan Modification Agreement, filed at D.E. #5-6. In the Second Action, both Plaintiff and Hanalei Y. Harris were initially listed as Plaintiffs in the Complaint and Amended Complaint; however, the Court determined that, because Plaintiff did not sign the Complaint, Amended Complaint, or *in forma pauperis* Affidavit, she was not a proper Plaintiff. However, the named plaintiff Hanalei Y. Harris is a privy of Plaintiff as he is the co-owner of the Real Property and her spouse and as they share the mutual interest of contesting the foreclosure. *See id.* The Third Action was filed by Hanalei Y. Harris, who is a privy to Plaintiff in that action for the reasons already set forth as to the Second Action. Thus, as the Plaintiff was a party to the First Action and is a privy to the party-plaintiff of the Second and Third Actions, this prong is met as to plaintiffs.

The Defendants in the First Action are Decision One Mortgage Company ("Decision One"), GMAC Mortgage, LLC ("GMAC") and Wilson and Associates, PLLC ("Wilson"). *See Hanalei Y. Harris v. Decision One Mortgage Co.*, No. CH-11-0434-2, filed at D.E. #5-1, #5-2, #5-3, #5-4. The Defendants in the Second Action are Decision One, GMAC, Wilson, and Mortgage Electronic

Registration Systems, Inc. ("MERS"). *See Hanalei Y. Harris v. Decision One Mortgage Co.*, No. 2:12-02224-SHM-cgc. The Defendants in the Third Action are MERS and Wilson. *See Hanalei Y. Harris v. Mortgage Electronic Registration Sys.*, No. 2:12-JTF-02460-JTF-cgc.

Although the defendants are not the same in each of the four cases, Defendants argue that the doctrine of *res judicata* is satisfied to bar the claims brought in this action because the defendants in the first three actions and the Defendants in the instant action were all parties involved in the mortgage loan transaction regarding the Real Property. Namely, Decision One is the lender, GMAC was the loan servicer, NYMD was the assigned trustee, Ocwen is the current loan servicer, and BNYB is the current holder of the note. MERS is a corporation that is a designated beneficiary under the Deed of Trust that acts solely as the nominee for the lender and its successors and assigns for purposes of electronic recording. *See, e.g.*, *Andrea Brichant v. Wells Fargo Bank, N.A.*, No. 3:12-cv-0285, 2014 WL 11515845, at *1 & n.1 (M.D. Tenn. Feb. 24, 2014); *see also* Deed of Trust, filed at D.E. #5-5. Thus, Defendants argue that, for purposes of privity, the defendants in the first three actions and the instant case all have a single shared interest in the lawfulness of the foreclosure.

Defendants cite *John William Stewart v. Deutsche Bank National Trust Company*, NO. 3:08-CV-475, 2010 WL 4004670, at *6 (E.D. Tenn. Oct. 12, 2010) and *Paul E. Floch v. JP Morgan Chase Bank, N.A.*, No. 14-cv-02712-STA-tmp (W.D. Tenn. Mar. 20, 2015), for the proposition that all parties in a foreclosure, including a subsequent servicer of the loan, have privity due to their mutuality of interest in the resolution of the foreclosure. As Plaintiff does not contest this issue in her Response to Defendants' Motion to Dismiss, and as the Court concludes that the parties in the first three actions and the instant action are in privity due to their mutual interest in the lawfulness of the foreclosure, the Court finds that this prong of *res judicata* is further satisfied by the existence

of not one but three actions between the same parties or their privies.

### iii. Issue Previously Litigated or Should Have Been Litigated

Although Defendants do not assert that the issues herein have been previously litigated, they do contend that they should have been litigated in the prior three cases. Both federal courts and Tennessee state courts apply a transactional approach as set forth in the Restatement (Second) of Judgments to determine whether an issue should have been litigated. *See Creech v. Addington*, 281 S.W.3d 363, 380 (Tenn. 2009); *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir. 1996). This test sets forth as follows:

> What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or useage."

Restatement (Second) of Judgments § 24(2).

In the instant case, the prior three cases and the instant case pertain to two transactions—the loan obtained to purchase the real property and the subsequent loan modification. Courts have deemed this prong satisfied when the prior and subsequent suits involved claims relating to foreclosure of a property. *See, e.g. Father Christopher Bernard Simmons v. Federal National Mortgage Association*, No. 3:13-cv-00142, 2013 WL 1899793, at *3 (M.D. Tenn. May 7, 2013). The essence of all four cases is that Defendants do not have the right to foreclose upon the property—an issue which has been previously and repeatedly determined. Plaintiff has further raised both TILA and FDCPA claims which are identical to claims in the previous actions. Thus, the Court concludes that the issues raised in the instant case as to the lawfulness of foreclosure of the Real Property should have been addressed in Plaintiff's—and her privy, Hanalei Y. Harris's—prior three

9

actions regarding the lawfulness of foreclosure of the Real Property.

### iv. Identity of Causes of Action

With respect to the final requirement, the transactional standard also applies under federal law and Tennessee state law to determine whether prior cases and a pending case constitute the same cause of action for purposes of applying *res judicata*. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528-29 (6th Cir. 2006) (citing *Hamilton v. State Farm Fire & Cas. Co.*, No. 96-4141, 1997 WL 6644772 (6th Cir. Oct. 23, 1997)); *Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 776 (W.D. Tenn. 2013) (citing *Creech*, 281 S.W.3d at 380-81 (Tenn. 2009)). This Court in *Coleman* reasoned that, when both cases arise from the lawfulness of foreclosure, it constitutes the same cause of action. *Coleman*, 966 F. Supp. 2d at 776. Likewise, as already set forth with respect to whether the issues in this case should have been litigated in the previous three cases, Plaintiff essentially seeks to continue to dispute the lawfulness of the foreclosure of the home she co-owns with her husband, Hanalei Y. Harris. She does so despite the Court's explicit admonition to her husband and the Real Property's co-owner Hanalei Y. Harris in dismissing the Second Action and imposing sanctions upon him. Thus, the Court concludes that the final prong of *res judicata* is satisfied.

In sum, the Court recommends that Plaintiff is barred from pursuing the instant action by the doctrine of *res judicata*. The Court further recommends that Plaintiff has demonstrated the same persistence in filing multiple, similar lawsuits as was demonstrated by her husband, Hanalei Y. Harris. Thus, the Court recommends that, due to its obligation and authority to prevent such abuse of the judicial system, Plaintiff be subject to the same bar as Hanalei Y Harris[3] from litigating in

---

[3] These recommendations are consistent with those imposed upon Hanalei Y. Harris by United States District Judge Samuel H. Mays in his Order of Dismissal With Prejudice in *Hanalei Y. Harris v. Decision One Mortgage Company*, No. 2:12-02224-SHM-cgc, filed on March 18, 2015 at D.E. #63.

federal court any further action involving the Real Property. The Court further recommends that, if Plaintiff submits any complaint in violation of this Order, the complaint be filed for statistical purposes and will be summarily dismissed. The Court further recommends that any case Plaintiff files in another court that should have been properly filed in this district and that is thereafter removed or transferred to this district will result in the same sanctions as if Plaintiff had filed it here initially. Finally, the Court recommends that Plaintiff be advised that, should she fail to comply with this bar, the Court may impose further sanctions, including a monetary fine.

### B. *Motion to Remand*

As this Court has recommended that the claims Plaintiff seeks to pursue are barred by the doctrine of *res judicata*, the Court recommends that Plaintiff's Motion to Remand should be DISMISSED AS MOOT.

**DATED** this 30th day of December, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**