IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| QUANNAH L. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:16-cv-02224-SHM-cgc |
| ) | |
| OCWEN LOAN SERVICING, LLC; ) | |
| THE BANK OF NEW YORK MELLON ) | |
| TRUST CO., N.A. f/k/a THE ) | |
| BANK OF NEW YORK TRUST ) | |
| COMPANY, N.A. as successor to ) | |
| JP MORGAN CHASE BANK, N.A. as ) | |
| Trustee for RESIDENTIAL ASSET ) | |
| MORTGAGE PRODUCTS, INC., ) | |
| MORTGAGE ASSET-BACKED PASS ) | |
| THROUGH CERTIFICATE SERIES ) | |
| 2006-RZ4; and MACKIE WOLF ) | |
| ZIENTZ & MANN, P,C., as ) | |
| Substitute Trustee ) | |
| ) | |
| Defendants. ) | |

ORDER

Before the Court is the Magistrate Judge's Report and Recommendation addressing two motions. (R. & R. on Def.'s Mot. to Dismiss and Pl.'s Mot. for Remand, ECF No. 15 ("Report").) The first is the Motion to Dismiss filed by Defendants Ocwen Loan Servicing, LLC ("Ocwen") and The Bank of New York Mellon Trust Co., N.A. ("BoNY") -- collectively, Defendants[1] -- on April

---

[1] Although named as a defendant in the Complaint, Mackie Wolf Zientz & Mann, P.C. ("MWZM") has not joined the Motion to Dismiss or any other pleading filed by Ocwen and BoNY. It has

13, 2016. (ECF No. 5 ("Mot. to Dismiss"); Defs.' Mem. in Supp. of Mot. to Dismiss, ECF No. 6 ("Mem. ISO Mot. to Dismiss").) Plaintiff Quannah Harris ("Harris") filed an Opposition to Motion to Dismiss on May 4, 2016. (ECF No. 9 ("Opp'n to Mot. to Dismiss").) Defendants have not filed a reply in support of the Motion to Dismiss. The Report recommends that the Motion to Dismiss be granted. (See, e.g., Report 1, 10.)

The second motion addressed by the Report is the Motion for Remand that Harris filed on April 26, 2016. (ECF No. 8 ("Mot. for Remand").) Defendants filed a Response in Opposition to the Motion for Remand on May 9, 2016. (ECF No. 10 ("Opp'n to Mot. for Remand").) The Report recommends that the Motion for Remand be denied as moot. (See, e.g., Report 1, 11.)

On February 3, 2017, Harris filed objections to the Report. (Pl.'s Obj. to the R. & R. of the Magistrate Judge [and] Mot. for Additional Time to Respond to the R. & R., ECF No. 21 ("Obj.").) On February 24, 2017, Defendants filed a response to the objections. (Defs.' Resp. to Pl.'s Objs. to the Magistrate Judge's R. & R., ECF No. 25 ("Resp.").)

---

not filed any materials in this action. The Complaint states that "no claim is asserted against [MWZM]," but that MWZM is an indispensable party to the action. (Compl. to Restrict and Prohibit Foreclosure, to Declare Foreclosure Illegal, for Damages, and for Legal and Equitable Relief ¶ 4, ECF No. 1-1 ("Compl.").) Because no claim is asserted against MWZM, the term "Defendants" will apply only to Ocwen and BoNY.

2

For the following reasons, the Report is ADOPTED, the Motion to Dismiss is GRANTED, and the Motion for Remand is DENIED AS MOOT.

I.  **BACKGROUND**

On February 24, 2016, Harris filed the Complaint in the Chancery Court of Shelby County, Tennessee. (Compl. 1.) The Complaint names Defendants Ocwen, BoNY, and MWZM. (Id. ¶¶ 2-4.) The Complaint addresses a mortgage loan entered into by Harris and her husband when they purchased real property at 2840 Lennox Drive, Germantown, TN (the "Real Property"). (Id. ¶ 1.) Count I alleges "[f]raud, [m]isrepresentation, and [o]ther [m]isconduct." (Id. at 3.) Count II alleges that Defendants have failed to make certain "required disclosures under the Truth in Lending Act ["TILA"]." (Id. at 6; see also 15 U.S.C. §§ 1601-1616.)

On April 6, 2016, Defendants filed a Notice of Removal, removing the action to this Court. (ECF No. 1 ("Not. of Removal").) The Notice states that this Court has jurisdiction based on federal-question jurisdiction (id. ¶¶ 6-8) and diversity jurisdiction (id. ¶ 6, 9-16).

On April 13, 2016, Defendants filed the Motion to Dismiss. The gravamen of the Motion to Dismiss is that the Court should dismiss this action on the ground of res judicata. (Mot. to Dismiss 1-2; Mem. ISO Mot. to Dismiss 7-11.) The res judicata

3

argument compares the present action to three previous actions filed by Harris and/or her husband, each of which sought to prevent a foreclosure of the mortgage encumbering the Real Property.[2] (Mem. ISO Mot. to Dismiss 2-6.)

On April 20, 2016, the Court entered an Order of Referral. (ECF No. 7 ("Order of Referral").)  The Order of Referral referred to the Magistrate Judge "the management of the . . . case; all pretrial matters within the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) for determination; and all other pretrial matters for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)." (Id. at 1.)

On December 30, 2016, the Magistrate Judge filed the Report.  On February 3, 2017, Harris filed the Objection.  On February 24, 2017, Defendants filed their Response.

## II. JURISDICTION

The Court has federal-question jurisdiction.[3]  Count II of the Complaint alleges that Defendants violated TILA by failing

---

[2] The three actions are Harris v. Decision One Mortg. Co., Case No. 11-0434-2 (Shelby Cty. Ch. Ct.); Harris v. Decision One Mortg. Co., Case No. 2:12-02224-SHM-cgc (W.D. Tenn.); and Harris v. Mortg. Elec. Registration Sys., Case No. 2:12-02460-JTF-cgc (W.D. Tenn.).  References to "12-02224" refer to pleadings in the second of these actions.

[3] The Court may also have diversity jurisdiction.  (Not. of Removal ¶¶ 6-16 (asserting diversity jurisdiction).)  Because the Court has federal-question jurisdiction, it need not address diversity.

4

to make disclosures required by 12 C.F.R. § 226.39(d). (Compl. 6-7; see 12 C.F.R. § 226.39(d).) The Court has federal-question jurisdiction under 28 U.S.C. § 1331.

Count I of the Complaint alleges numerous forms of fraud and misrepresentation. (Compl. ¶¶ 5-30.) Harris alleges that Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617. (Id. ¶¶ 13, 26.) She again alleges violations of TILA. (Id. ¶ 13.) She appears to allege violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. (Id. ¶¶ 18-19.) These claims also give rise to federal-question jurisdiction.

The Court has supplemental jurisdiction over Harris's state-law claims under 28 U.S.C. § 1367. They derive from a "common nucleus of operative fact" with the federal-law claims. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); Soehnlen v. Fleet Owners Ins. Fund, 844 F.3d 576, 588 (6th Cir. 2016); see also 28 U.S.C. § 1367(a).

**III. STANDARDS**

A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B). "The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review the district court applies depends on the nature of the matter considered by the magistrate judge. "A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the de novo standard." Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003) (internal citations omitted). Motions to dismiss and motions for remand are dispositive motions for § 636(b) purposes. 28 U.S.C. § 636(b)(1)(A)-(B) (motion to dismiss); Green v. City of Memphis, No. 10-2232-STA-CGC, 2011 WL 145201, at *2 (W.D. Tenn. Jan. 18, 2011) (citing Vogel v. U.S. Office Prods. Co., 258 F.3d 509 (6th Cir. 2001)) (motion for remand). The de novo standard applies here.

The Court is not required to review -- under a de novo or any other standard -- those aspects of a report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985); Ankton v. United States Treasury Dep't, No. 2:16-CV-2736-SHM-DKV, 2016 WL 7494891, at *1 (W.D.

6

Tenn. Dec. 30, 2016) (citing Thomas). Arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate for consideration are deemed waived. See, e.g., Becker v. Clermont Cty. Prosecutor, 450 F. App'x 438, 439 (6th Cir. 2011); The Glidden Co. v. Kinsella, 386 F. App'x 535, 544 (6th Cir. 2010); Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000).[4]

## IV. ANALYSIS

### A. Motion to Dismiss

Inconsistent document formatting and typographical errors in section headings make Harris's specific objections to the Report unclear. (See generally Obj. 8–13.) The Court construes Harris to object to the Report's findings about three of the elements needed to establish res judicata. (See generally id.)

As the Report notes, the Sixth Circuit has a four-part test for determining whether res judicata bars an action. (Report 3

---

[4] A district court may raise the waiver issue sua sponte. Numerous district courts in this circuit have done so where (1) no response was filed to a party's objection to the report and recommendation; or (2) a response was filed, but did not argue waiver. See, e.g., Tighe v. Berghuis, No. 1:12-CV-1314, 2016 WL 5537287, at *3 (W.D. Mich. Sept. 30, 2016) (no response to objection); Lewis v. Spitters, No. 1:14-CV-917, 2015 WL 5682405, at *2 (W.D. Mich. Sept. 18, 2015) (response did not argue waiver); Briggs v. Miles, No. 1:13-CV-228, 2015 WL 1120132, at *2 (W.D. Mich. Mar. 12, 2015) (no response to various objections); Bauman v. City of Cleveland, No. 1:04-CV-1757, 2015 WL 893285, at *8 (N.D. Ohio Mar. 3, 2015) (response did not argue waiver); Enyart v. Coleman, 29 F. Supp. 3d 1059, 1070 (N.D. Ohio 2014) (response did not argue waiver).

7

(citing Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 (6th Cir. 2006)).)  There must be "'(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.'"  Hogan v. Jacobson, 823 F.3d 872, 884 (6th Cir. 2016) (quoting Bragg v. Flint Bd. of Educ., 570 F.3d 775, 776 (6th Cir. 2009)); see also Rawe, 462 F.3d at 528 (same elements).  Comparing the present case to the prior actions filed by Harris and/or her husband, the Report determines that Defendants have shown that all four res judicata elements are satisfied.  (Report 4–10.)

The Court does not understand Harris to object to the Magistrate Judge's conclusion that the three prior decisions were final decisions on the merits by courts of competent jurisdiction.[5]  Harris does object to the Report's conclusion that the present action and the earlier actions were between the same parties or their privies (Obj. 9–11); that the issues in

---

[5] The Objection contains a section titled, "There has not been a final judgment on the merits by a court of competent jurisdiction regarding the claims based upon action/inaction taken after the orders of the State and Federal Courts."  (Obj. 9.)  That section's argument, however, does not question whether the three earlier decisions were decisions on the merits by courts of competent jurisdiction.  The section addresses other res judicata elements.

8

the present litigation were litigated in the earlier actions (id. at 11–12); and that there is an identity of the causes of action in this case and the earlier cases (id. at 12–13).

Harris made none of these arguments to the Magistrate Judge. The Motion to Dismiss was based on res judicata. (See generally Mot. to Dismiss 1–2; Mem. ISO Mot. to Dismiss 7–11.) Harris's Opposition to the Motion to Dismiss ignored res judicata entirely.[6] (See generally Opp'n to Mot to Dismiss.) Harris did not give the Magistrate Judge the opportunity to consider Harris's present res judicata arguments. She cannot raise them now; her arguments are deemed waived. Becker, 450 F. App'x at 439; The Glidden Co., 386 F. App'x at 544; Murr, 200 F.3d at 902 n.1.

The Objection raises no other objections to the Report's recommendations as to the Motion to Dismiss. (See generally Obj.) The Court thus need not review those recommendations. The Motion to Dismiss is GRANTED.

B.  **Motion for Remand**

The Report states that, "[a]s this Court has recommended that the claims Plaintiff seeks to pursue are barred by the doctrine of res judicata, the Court recommends that Plaintiff's

---

[6] The gravamen of the Opposition is that the allegations in Harris's Complaint meet the pleading requirements of Federal Rule of Civil Procedure 9(b). (See generally id.) The Motion to Dismiss did not raise Rule 9(b). (See generally Mot. to Dismiss; Mem. ISO Mot. to Dismiss.)

9

Motion [for] Remand should be DISMISSED AS MOOT." (Report 11.) The Objection states no objections to the Report's recommendation as to the Motion for Remand. The Court thus need not review the Report as to the Motion for Remand.

The Court ADOPTS the Report's section as to the Motion for Remand, and DENIES AS MOOT the Motion for Remand.

### C. Bar to Further Actions

The Report makes the following further recommendations:

> The Court further recommends that Plaintiff has demonstrated the same persistence in filing multiple, similar lawsuits as was demonstrated by her husband, Hanalei Y. Harris. Thus, the Court recommends that, due to its obligation and authority to prevent such abuse of the judicial system, Plaintiff be subject to the same bar as Hanalei [Y.] Harris from litigating in federal court any further action involving the Real Property.[7] The Court further

---

[7] In an order filed in Case No. 12-02224, the Court stated, in reference to Harris's husband:

> The Court has considered the best method of preventing Plaintiff from continuing to abuse the judicial system by repeatedly attempting to litigate the same or similar meritless claims, without also completely precluding his access to the courts. Here, the appropriate remedy is to bar Plaintiff from litigating in federal court any further action involving the Real Property.
>
> It is hereby ORDERED that Hanalei Y. Harris is barred from filing any further actions in federal court involving the Real Property located at 2480 Lennox, Germantown, TN. If Plaintiff submits any complaint in violation of this Order, the complaint will

10

> recommends that, if Plaintiff submits any complaint in violation of this Order, the complaint be filed for statistical purposes and will be summarily dismissed. The Court further recommends that any case Plaintiff files in another court that should have been properly filed in this district and that is thereafter removed or transferred to this district will result in the same sanctions as if Plaintiff had filed it here initially. Finally, the Court recommends that Plaintiff be advised that, should she fail to comply with this bar, the Court may impose further sanctions, including a monetary fine.

(Id. at 10–11.)

The Objection states no objections to the Magistrate Judge's recommendations. The Court thus need not review the Report as to those recommendations.

Harris is BARRED from filing any further actions in federal court involving the Real Property. If Harris submits any complaint in violation of this Order, the complaint will be filed for statistical purposes and will be summarily dismissed.

---

> be filed for statistical purposes and will be summarily dismissed. The Court may also impose further sanctions against Plaintiff, including a monetary fine.
>
> Any case Plaintiff files in another court that should have been properly filed in this district and that is thereafter removed or transferred to this district will result in the same sanctions as if Plaintiff had filed it here initially.

(Order of Dismissal with Prejudice, Imposing Sanctions on Pl., Certifying that an Appeal Would Not Be Taken in Good Faith, and Denying Leave to Proceed In Forma Pauperis on Appeal 9, ECF No. 63 in 12-02224.)

11

The Court may also impose further sanctions against Harris, including a monetary fine. If Harris files a case in another court that should have been properly filed in this district and that case is thereafter removed or transferred to this district, the result will be the same as if Harris had filed her case here initially.

**V.   CONCLUSION**

For the reasons stated above, the Report is ADOPTED, the Motion to Dismiss is GRANTED, and the Motion for Remand is DENIED AS MOOT.

The Court ORDERS that Harris be barred from filing any further actions in federal court involving the Real Property. The Court ORDERS that if Harris submits any complaint in violation of this Order, the complaint will be filed for statistical purposes and will be summarily dismissed. The Court may also impose further sanctions against Harris, including a monetary fine. The Court also ORDERS that, for any case Harris files in another court that should have been properly filed in this district and that is thereafter removed or transferred to this district, the result will be the same as if Harris had filed her case here initially.

So ordered this 7th day of March, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE